T.C. Summary Opinion 2003-164

UNITED STATES TAX COURT

SUDHESHNA PURUSHOTHAM, a.k.a. SUE PURUSHOTHAM, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1945-03S.                 Filed December 2, 2003.

Sudheshna Purushotham, a.k.a. Sue Purushotham, pro se.

Louis H. Hill, for respondent.


POWELL, Special Trial Judge:  This case was heard pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

---

[1]  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue, and Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency of $4,003 and an addition to tax of $606 under section 6651(a)(1) in petitioner's 2000 Federal income tax. After concessions, the issue is whether the Federal income tax imposed on resident aliens is unconstitutional. Petitioner resided in Cincinnati, Ohio, at the time the petition was filed.

The facts may be summarized as follows. During the taxable year 2000, petitioner was a citizen of India and a lawful permanent resident of the United States. She was employed by Mactec, Inc., and received wages of $13,512.48 and $14,164 of nonemployee compensation. In preparing her 2000 return, petitioner reported the wages of $13,512.48, tax due of $949, tax payments of $1,922.51, and a refund due of $973.51. If the Federal income tax, as applied to petitioner, is constitutionally permissible, petitioner concedes that she is liable for the deficiency arising from (1) $190 of interest income, (2) $22 of dividend income, and (3) $14,164 of nonemployee compensation.[2]

Petitioner's only contention is that as a resident alien she is unconstitutionally subject to "taxation without representation" because resident aliens are taxed the same as

_____

[2] Additionally, petitioner is deemed to have conceded self-employment tax liability of $1,001 under sec. 1401(a) and the sec. 6651(a)(1) addition to tax for failure to timely file a Federal income tax return, as petitioner failed to offer any evidence as to these issues. See Rule 149(b).

U.S. citizens,[3] but there are no members of Congress that are resident aliens to represent people in situations such as petitioner.  It is sufficient to point out that the Constitution requires that members of both the House of Representatives and the Senate be citizens of the United States.  See U.S. Const. art. I, secs. 2 and 3.  This Court must support and apply the Constitution as written.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent.</u>

---

[3] Secs. 1.1-1(b), 1.871-1(a), Income Tax Regs.